## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ABELARDO BELTRAN CHAVEZ,

      Petitioner,

v.                                                            No. 2:26-cv-00644-MLG-DLM

KRISTI NOEM, Secretary
U.S. Department of Homeland
Security , et al.,

      Respondents.

### ORDER TO SHOW CAUSE AND ENJOINING TRANSFER OF
### PETITIONER OUTSIDE THE DISTRICT

Petitioner Abelardo Beltran Chavez, a Mexican citizen, is detained at the Otero County Processing Center in New Mexico. Doc. 1 at 1, 3 ¶¶ 1, 12. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 2, 12 ¶ 7.

On March 4, 2026, The Clerk's Office served Beltran Chavez's Verified Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241 ("Petition"), Doc. 1, on the United States, its agencies, and its officers in accordance with the Standing Order filed January 28, 2026. *See* Doc. 2; Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026). Respondents have also been added as notice-recipients through the CM/ECF system, consistent with the Standing Order, and will receive electronic notice of all filings in this case. Within ten business days of entry of this Order, the United States Attorney's Office ("USAO") must respond to the Petition and show cause why the Court should not grant the requested relief.

1

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). In doing so, the Court joins the "vast majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)—governs the detention of noncitizens like Beltran Chavez, who has apparently been residing in the United States since 1999. Doc. 1 at 9 ¶ 36; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years). Any response filed by Respondents must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. If Beltran Chavez wishes to file a reply, he must do so within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[1]

Respondents are enjoined pursuant to the All Writs Act, 28 U.S.C. § 1651(a), from transferring Beltran Chavez outside the District of New Mexico while this proceeding is pending. *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.