**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

ABELARDO BELTRAN CHAVEZ,

Petitioner,

v. No. 2:26-cv-00644-MLG-DLM

MARKWAYNE MULLIN, Secretary
U.S. Department of Homeland
Security, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Abelardo Beltran Chavez's Verified Petition for Writ of Habeas Pursuant to 28 U.S.C. § 2241 ("Petition"), Doc. 1. Beltran Chavez, a Mexican citizen, is detained at the Otero County Processing Center in New Mexico. Doc. 1 at 1, 3 ¶¶ 1, 12. He entered the United States in 1999. *Id.* at 9 ¶ 36. He resides in Oregon with his wife and two U.S. citizen children. *Id.* On October 31, 2025, Beltran Chavez was detained by Immigration and Customs Enforcement ("ICE") while working as a delivery driver. *Id.* at 9 ¶ 37. He was subsequently detained by the Department of Homeland Security ("DHS") and has remained in custody since that arrest.[1] *Id.* Following his detention, ICE determined that Beltran Chaves should be held without an opportunity to post bond or be released on other conditions. *Id.* at 10 ¶ 41.

---

[1] The parties have not informed the Court of any order of removal or an appeal of a final order of removal. *See generally* Docket. The Court will therefore assume no final order of removal is in effect. The Court notes if removal has been issued, pre-removal custody is still at issue if Beltran Chavez timely appealed the order. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling

Beltran Chavez challenges his continued detention claiming it is a violation of the Immigration and Nationality Act ("INA"). In support, he contends that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who previously entered and are now residing in the United States. *Id.* at 2, 10-11 ¶¶ 5, 43-45. He further asserts his continued detention violates the Fifth Amendment Due Process Clause. *Id.* at 11 ¶¶ 46-48. Based on these arguments, Beltran Chavez seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). On March 13, 2026, Respondents filed a Response to the Petition. Doc. 5. Beltran Chavez filed a reply on March 13, 2026. Doc. 6.

## DISCUSSION

### I. Section 1226 Governs Beltran Chavez's Detention

The dispositive question presented by the Petition is whether Beltran Chavez's detention is governed by § 1226(a), or whether he is instead subject to the mandatory detention provision provided by § 1225(b)(2)(A).[2] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Beltran Chavez's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M.

---

a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

[2] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens like Beltran Chavez, who has resided in the United States for almost thirty years. Doc. 1 at 9 ¶ 36; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents maintain their position that § 1225(b)(2)(A) applies to Beltran Chavez's detention. *See* Doc. 5. They concede that the Court's prior rulings would control the result here as the facts are not materially distinguishable. *Id.* at 2. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) as support that § 1225(b)(2)(A) controls. *See* Doc. 5 at 2. This is not binding authority. Additionally, most circuit courts have concluded that § 1226(a)—not 1225(b)(2)(A)—applies to the pre-removal detention of noncitizens like Beltran Chavez. *See* *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-45 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir.

2026). The Court agrees with the majority view and holds that § 1226(a) governs Beltran Chavez's detention.

**II. Ongoing Violation of the Fifth Amendment Due Process Clause**

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Beltran Chavez is entitled—as a right—to the due process provided to him under that statute, an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at *4-5. Beltran Chavez's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

**III. Immediate Release is the Appropriate Remedy**

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotations omitted)(citing 28 U.S.C. § 2243) *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice'" (emphasis in original)) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th

Cir. 1969). Beltran Chavez has been deprived of liberty since October 2025 due to Respondent's violation of § 1226(a). Doc. 1 at 9 ¶ 37. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez,* 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Beltran Chavez's due process rights, the remedy justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Beltran Chavez and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id* at *8; *see also Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Beltran Chavez's Petition. Respondents shall release Beltran Chavez within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in October 2025 along with a copy of this Order.

If Respondents decide to re-detain Beltran Chavez, they must provide him with a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing Beltran Chavez's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA